IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHIRLEY PITTMAN, et al,

    Defendants.                                               Case No. 05-cr-30133-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

Defendant Shirley Pittman ("Defendant" or "Pittman") was indicted, along with eleven other defendants in this case. Pittman, in Count One of the Indictment (Doc. 1), was charged for conspiring with co-defendants Richard Pittman, Tamiesha Williams, James E. Rollins, Sr., James E. Rollins, Jr., John Frost, Rudy Slack, Eric Spruill, Alan Taylor, Talia Pittman and Veronica Marshall to "knowingly and intentionally manufacture, distribute, and possess with intent to distribute diverse amounts of cocaine and fifty grams or more of a mixture or substance containing cocaine base, in the form of, or commonly known as, 'crack' cocaine, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), all in violation of Title 21, United States Code,

Section 846."

She was also charged in Count Four of the Indictment, along with co-defendants Richard Pittman and Tamiesha Williams, for "knowingly and intentionally distribut[ing] fifty grams or more of a mixture or substance containing cocaine base, in the form of, or commonly known as, 'crack' cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)." Lastly, Pittman has been charged in Count Five of the Indictment, along with co-defendants Richard Pittman, James E. Rollins, Jr., James E. Rollins, Sr., and John Frost, for "knowingly and intentionally distribut[ing] five hundred grams or more of a mixture or substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)." The remaining Counts in the 18-Count Indictment charge the various co-defendants with acts of distribution of narcotics in furtherance of the alleged conspiracy for which Pittman is charged in Count One, as well as various use of telephonic equipment in furtherance of the conspiracy as pled in Count One.

Defendant Shirley Pittman has filed a Motion to Sever (Doc. 251), pursuant to **FEDERAL RULES OF CRIMINAL PROCEDURE 8** and **14**, seeking a trial separate from her co-defendants. The Government has responded (Doc. 252), opposing a severance. Based upon the parties' arguments and the applicable law, Pittman's Motion (Doc. 251) must be denied for the reasons as set forth in this Order.

## II. ANALYSIS

### A. Legal Standard

The joinder of multiple defendants in an indictment is allowed under **Federal Rule of Criminal Procedure 8(b)** when the Government has alleged that the defendants "have participated in the . . . same series of acts or transactions constituting an offense or offenses." ***United States v. Ras*, 713 F.2d 311, 315 (7th Cir. 1983)(quoting Fed. R. Crim. P. 8(b) and citing *United States v. Garza*, 664 F.2d 135, 142 (7th Cir. 1981), *cert. denied*, 455 U.S. 993, 102 S. Ct. 1620 (1982))**. As in ***Ras***, the Defendants in this case appear to have been properly joined in a single indictment as "[a]ll counts of the indictment [deal] with acts committed by the defendants in furtherance of a single, ongoing conspiracy. The charge of conspiracy in Count 1 serve[s] to link the substantive counts against the various defendants . . . satisf[ying] the relatedness requirement of **Rule 8(b)** and justif[ying] joinder." ***Id.***

Once it is determined that the defendants have been joined in accordance with **Rule 8**, the moving defendant may only be entitled to a severance pursuant **Rule 14** if proven that this joinder will be prejudicial to the defendant, as joint trials (when dealing with charges such as conspiracy) are favored for their efficiency. ***Id.* (citing *United States v. Tanner*, 471 F.2d 128, 137 (7th Cir. 1972)); *see also United States v. Williams*, 858 F.2d 1218, 1223 (7th Cir. 1988); *United States v. Sophie*, 900 F.2d 1064, (7th Cir. 1990)**. In fact, this is

a "heavy burden" for the movant to establish, as it is not enough for a defendant to merely show "that a separate trial would result in a better chance acquittal . . . ." ***Williams*, 858 F.2d at 1224 (citing *United States v. Moschiano*, 695 F.2d 236, (7th Cir. 1982))**.  Instead, the moving defendant must demonstrate that he or she would be unable to obtain a fair trial without a severance.  ***United States v. Lopez*, 6 F.3d 1281, 1285 (7th Cir. 1993)**.

B.  **Severance**

In her Motion,[1] Pittman offers several different conclusory bases for granting a severance.  First, she states that her co–defendants "can offer critical exculpatory evidence and testimony" on her behalf, but that in a joint trial, she will be prevented from calling them as witnesses due to their privilege against self-incrimination (Doc. 251, ¶ 1), as well as "it is believed that one or more co-defendants may give testimony favorable to [her] if she obtains a separate trial" (*Id*. at ¶ 7).  Pittman also argues that her defense may be dependent on testimony from her co-defendants (*Id*. at ¶ 2).  When a moving defendant offers such grounds for severance, a district court must consider three factors: (1) whether the co-defendant's testimony would be exculpatory; (2) whether the co-defendant would testify; and (3) whether the testimony would bear on the defendant's case.  *Id*.

In this case, Pittman offers absolutely nothing of substance to bolster

---

[1] The Court notes that this Motion actually appears to be a canned, form motion, rather than tailored to the specifics of this case; in fact, it is almost identical to Rollins' Motion to Sever and amended Motion to Sever (Docs. 235 & 262).

her statements – at best, whether her co-defendants would testify with exculpatory information on her behalf is entirely speculative. Yet, it is a requirement in the Seventh Circuit that the moving defendant provide some evidentiary support regarding the possibility of co-defendant exculpatory testimony, "such as an affidavit or recorded testimony," otherwise a severance "cannot be granted on the basis of a vague, unsupported assertion that a co[-]defendant would testify favorable in a separate proceeding." **United States v. Studley, 892 F.2d 518, 525 (7th Cir. 1989)(quoting United States v. Andrus, 775 F.2d 825, 847 (7th Cir. 1985))**. Thus, the Government is correct in its assertion that Pittman has failed in meeting her burden in this regard to warrant a severance.

A second basis for severance Pittman offers is that her co-defendants may have "mutually exclusive defenses requiring the conviction of one and the acquittal of the other," and that the attorneys for co-defendants "could make adverse inferences" about her post-arrest silence or decision not to testify" (Doc. 251, ¶¶ 3 & 9). Likewise, if a co-defendant does decide to testify on his or her own behalf, Pittman fears she would either then be forced to testify on her own behalf to prevent the jury from making an adverse inference from her silence (*Id*. at ¶ 4). A jury, argues Pittman, may not be able to "compartmentalize the evidence as it relates to the separate Defendants in order to make an independent determination of guilt" (Id. at ¶ 5).

However, "mutually antagonistic defenses," as postulated by Pittman, are not enough to warrant a severance absent a showing of "prejudice to some

specific trial right." ***United States v. Mietus*, 237 F.3d 866, 873 (7th Cir. 2001)(internal citations omitted)**.  In fact, juries are typically "presumed capable of sorting through the evidence and considering the cause of each defendant separately" – even when there are multiple counts in an indictment.  ***Williams*, 858 F.2d at 1225**.  Therefore, absent any showing whatsoever by Pittman, the Court again finds that the Government's position prevails and a severance is not warranted on this particular argument either.

Even considering grounds for severance as laid out in ***Bruton v. United States*, 391 U.S. 123 (1968)**, the Court cannot find, at this time, that Pittman has shown any cause for concern.  ***Bruton*** held that a defendant's Sixth Amendment right to confront witnesses can be violated when a directly implicating confession or statement of a co-defendant is admitted at trial and the co-defendant cannot be cross-examined due to the Fifth Amendment privilege against self-incrimination.  ***Id.* at 126-27**.  In its Response, the Government states that it "is unaware of any post-arrest statement which falls within the ambit of ***Bruton*** . . ." (Doc. 252, p. 3).  Therefore, it does not seem as though the probability that Pittman would be confronted with this Sixth Amendment violation currently exists.  Yet, the Court advises that should the Government become aware of a statement or confession of a co-defendant which would serve to implicate Pittman, the matter shall be brought to the Court's attention as soon as possible in order to determine whether a severance is needed.

As far as Pittman's argument that a separate trial is necessary to protect against the possibility that co-defendants' attorneys may comment upon or make adverse inference regarding her failure to testify, the Court reminds her that such behavior by any other counsel would be considered a violation of Pittman's Fifth Amendment privilege against self-incrimination. ***See, e.g., United States v. Butler, 71 F.3d 243, 254 (7th Cir. 1995)(citing Griffin v. California, 380 U.S. 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106 (1965))***. Pittman could then be protected by the Court's ability to then determine whether she, in fact, received a fair trial, in light of this constitutional violation. ***Id. at 254-55***. Currently, her concern amounts to nothing more than mere conjecture, which cannot be deemed reason enough to sever her trial from her co-defendants.

### III.  <u>CONCLUSION</u>

Because defendant Shirley Pittman has failed to meet her burden to show why a severance would be warranted pursuant to **Rule 14**, her Motion (Doc. 251) must be **DENIED**.

**IT IS SO ORDERED.**

Signed this 12th day of December, 2006.

/s/        David  RHerndon
**United States District Judge**
